UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

BRANDY VANGAASBEEK and
MICHAEL VANGAASBEEK,

    Plaintiff,

v.                              Case No. _____

BRACE INTEGRATED
SERVICES, INC.
and GEORGIA-PACIFIC LLC

    Defendant.

_____/

## DEFENDANT FOLEY CELLULOSE LLC'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendant, Foley Cellulose LLC (incorrectly identified as "Georgia Pacific, LLC" in Plaintiff's Complaint) ("Defendant Foley"), by and through its undersigned counsel, hereby gives its notice of removal of the case styled *Brandy Vangaasbeek and Michael Vangaasbeek v. Brace Integrated Services, Inc., and Georgia-Pacific LLC*, Case No. 2021-CA-000644, currently pending in the Circuit Court of the Third Judicial Circuit, in and for Taylor County, Florida (the "State Court Action"), to the United States District Court for the Northern District of Florida, Tallahassee Division. As grounds, Defendant Foley states as follows:

1. On or about December 7, 2021, Brandy Vangaasbeek and Michael Vangaasbeek ("Plaintiffs") filed a Complaint with the Circuit Court for the Third Judicial Circuit, in and for Taylor County, Florida, initiating the State Court Action.

2. The Summons and Complaint were served on Defendant Foley on December 27, 2021.

3. Pursuant to 28 U.S.C. § 1446(b), Defendant Foley has timely filed this Notice of Removal within 30 days after receiving notice that this case is removable. A copy of the Notice contemporaneously filed in the Third Judicial Circuit, in and for Taylor County, Florida is attached hereto as **Exhibit A**.

4. Pursuant to 28 U.S.C. § 1446(a) and Local Rule 7.2, a true and legible copy of all process, pleadings, and orders served in the State Court Action is attached as **Exhibit B**. No further proceedings have occurred in the State Court Action.

5. Written notice of the Filing of Notice of Removal to Federal Court is being provided to Plaintiffs herewith, as required by 28 U.S.C. § 1446(d).

6. Under 28 U.S.C. § 1441(a) and Local Rule 3.1(a), venue of the removed action is proper in this Court as this is the district and division embracing the place where the State Court Action is pending. Venue is also proper in this Court pursuant to 28 U.S.C. §1391(b).

**Removal Is Proper Based Upon Diversity Jurisdiction**

7.      This action may be removed to this Court pursuant to 28 U.S.C. § 1441, in that it is a civil action in which the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states. Specifically, the facts supporting diversity jurisdiction are set forth below.

8.      The undersigned reviewed the state court docket that does not show any service of co-defendant, Brace Integrated Services, Inc. ("Defendant Brace"). *See* State Court Action Docket, attached hereto as **Exhibit C**.

9.      Defendant Brace consents to removal as stipulated in Defendant Brace's Consent to Removal, attached hereto as **Exhibit D**. All defendants whose consent is required have consented to this removal.

### A. Diversity of Citizenship

10.     For an individual, "[c]itizenship is equivalent to 'domicile' for purposes of diversity jurisdiction[, . . . which is] the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." *McCormick v. Aderholt*, 293 F.3d 1254, 1257-58 (11th Cir. 2002) (quotation omitted). "A person's domicile is determined by a review of the 'totality of the evidence' . . . ." *Comprehensive Care Corp v. Katzman*, No. 8:09-cv-1375, 2009 WL 3157634, at * 2 (M.D. Fla. Sept. 25, 2009) (citing *Jones v. Law Firm of Hill & Ponton*, 141 F. Supp. 2d 1349 (M.D. Fla. Mar. 26, 2001)). Here, given the totality of the evidence, there can be no doubt that Plaintiffs are, and were

at the time of filing the Complaint and at the time of removal, citizens of the State of Florida. Plaintiffs state in the Complaint that they are residents of Florida. (Compl. ¶¶ 4-5). As permanent residents of Florida, Plaintiffs are domiciled in and therefore, a citizen of the State of Florida. *See Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1342 (11th Cir. 2011) (holding that an assertion of permanent residency sufficiently alleges domicile); *see also Smyth v. Hillstone Restaurant Group, Inc., d/b/a Houston's Restaurant*, 2013 WL 2048188, at *2 (S.D. Fla. May 14, 2013).

11.   Defendant Foley Cellulose LLC is a Delaware limited liability company. A limited liability company is a citizen of any state of which a member of the company is a citizen. *See Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004). The members of Foley Cellulose are a series of other limited liability companies up to Koch Industries, Inc., a Kansas entity with a principal place of business in Kansas. *See* Declaration of Mark D. Berry, attached hereto as **Exhibit E**, for a detailed explanation of Foley Cellulose LLC's corporate structure.

12.   Based on a public record review, Defendant Brace Integrated Services, Inc. is a Kansas foreign profit corporation, with a principal place of business in Houston, Texas. *See Pitts ex rel. Pitts v. Seneca*, 321 F. Supp. 2d 1353, 1356 (S.D. Ga. May 20, 2004) (a corporation shall be deemed to be a citizen of any state by

which it has been incorporated and of the state where it has a principal place of business). *See* Brace Integrated Services, Inc.'s 2021 Annual Report and Sunbiz Page, attached hereto as **Exhibit F**.

13. As Defendant Foley is a citizen of Delaware and Kansas; Defendant Brace is a citizen of Kansas and Texas; and Plaintiffs are citizens of Florida, complete diversity of citizenship exists between the parties.

### B. Amount in Controversy

14. Plaintiff brings claims for violations of the Florida Civil Rights Act, Fla. Stat. § 760, *et seq.* ("FCRA"), alleging (1) sex discrimination as to Plaintiff Brandy VanGaasbeek (against Defendant Brace), (2) sex discrimination as to Plaintiff Brandy VanGaasbeek (against Defendant Foley), and (3) retaliation as to Plaintiff Michael VanGaasbeek (against Defendant Brace).

15. In their Complaint, Plaintiffs allege damages in excess of $30,000. (Compl. ¶ 2). Specifically, Plaintiffs seek compensation for "emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, mental anguish, and other non-pecuniary losses, long with lost back pay and front pay, interest on pay, bonuses and other benefits," as well as "punitive damages and injunctive relief," and claims that their damages "have occurred in the past [and] are permanent and continuing." (Compl. ¶¶ 39, 44, 49). Even further, Plaintiff seeks "all legally-available general and compensatory damages and economic losses,"

"attorney's fees and costs," and "other further relief as being just and proper under the circumstances." (Compl. at sub-paragraphs c-f, in the Prayer for Relief).

16. When, as here, damages are not specified in the state court Complaint, the removing defendant bears the burden of proving that the amount in controversy exceeds $75,000 by a preponderance of the evidence. *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010). "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014); *see also Pretka v. Kolter City Plaza II, Inc*., 608 F.3d 744, 754 (11th Cir. 2010) (holding a removing defendant "is not required to prove the amount in controversy beyond all reasonable doubt or to banish all uncertainty about it."). In determining the amount in controversy, the Court should look to the Complaint. *Id.*

17. If the amount is indeterminate from the complaint alone, as it is in this case, the "[C]ourt can look to the notice of removal and other evidence relevant to the amount in controversy at the time the case was removed." *See Leon v. First Liberty Ins., Corp*., 903 F. Supp. 2d 1319, 1321 (M.D. Fla. Nov. 6, 2012) (internal citations and quotations omitted). "This evidence may include the removing defendant's own affidavit, declaration, or other documentation." *Id.* Moreover, the Court is permitted to make "reasonable deductions" and "reasonable inferences" and

need not "suspend reality or shelve common sense in determining whether the face of a complaint . . . establishes the jurisdictional amount." *Pretka*, 608 F.3d at 770.

18. As part of Plaintiffs' three-count Complaint, Plaintiffs have alleged damages "that exceed[] the sum of Thirty Thousand Dollars ($30,000)" (*see* Compl. ¶ 2) for alleged violations of Chapter 760 of the Florida Statutes. Plaintiffs seek compensation for compensatory damages, attorney's fees and costs, and any "further relief that this Court deems just and proper." (Compl. at sub-paragraphs c-f, in the Prayer for Relief). Under the FCRA, a plaintiff may recover, among other things, the following types of relief: back pay; compensatory damages, including, but not limited to, damages for mental anguish, loss of dignity, and any other intangible injury; punitive damages; and attorneys' fees and costs. *See* § 760.11(5), Fla. Stat. It is reasonable to conclude for purposes of determining the amount in controversy, that Plaintiff is seeking all of the relief to which she would be entitled as a prevailing party. Taken together, while undefined, it is clear from the face of the Complaint and allegations pled that Plaintiffs' claims exceed $75,000.

14. Under the FCRA, a successful plaintiff is "presumptively entitled to back pay." *Brown v. Cunningham Lindsey, U.C., Inc.*, No. 3:05-cv-141, 2005 WL 1126670, at *3 (M.D. Fla. May 11, 2005) (citing *Nord v. U.S. Steel Corp.*, 758 F.2d 1462, 1472-1473 (11th Cir. 1985)). For purposes of determining the amount in controversy, this Court has considered the potential back pay award from the date of

the adverse employment action until the proposed trial date. *See Sheehan v. Westcare Found., Inc.*, No. 8:12-cv-2544, 2013 WL 247143, at *2 (M.D. Fla. Jan. 23, 2013) (J. Covington); *see also Hallmeyer v. Gateway Clippers, LLC*, No. 8:12-cv-02876, 2013 WL 268643, at *2 (M.D. Fla. Jan. 24, 2013) (holding back pay damages may be calculated through the proposed trial date to establish the jurisdictional amount). Therefore, consistent with this Court's ruling in *Sheehan*, Plaintiffs' claims for lost income should be determined by the date of the alleged adverse employment action until the approximate trial date approximately one (1) year from now.

15. The jurisdictional threshold also is further exceeded if the Court considers Plaintiffs' claims for front pay and compensatory damages, as well as any punitive damages claimed. *See Cowan v. Genesco, Inc.*, 2014 WL 3417656, *3 (M.D. Fla. July 14, 2014) (noting that the Eleventh Circuit encourages district courts to use "judicial experience and common sense based on the evidence presented and the nature of the claims alleged in determining whether the jurisdictional threshold is reached"). "While it is difficult to quantify the value of [compensatory] damages, for purposes of determining the amount in controversy, a defendant may satisfy its burden by submitting evidence of damages from decisions in comparable cases." *Schmidt v. Pantry, Inc.*, No. 1:11-cv-228, 2012 WL 1313490, at *3 (N.D. Fla. Mar. 6, 2012). Jury verdict and settlement reports in employment-related retaliation cases where compensatory damages are awarded establish that successful plaintiffs

routinely recover awards that would satisfy or exceed the jurisdictional threshold. *See, e.g., Stone v. GEICO General Ins. Co.*, No. 8:05-cv-636, 2009 WL 3720954 (M.D. Fla. Nov. 5, 2009) (jury awarded $200,000.00 in compensatory damages for emotional pain and mental anguish); *EEOC v. Federal Express Corp.*, 2004 WL 6024553 (M.D. Fla. Dec. 16, 2004) (noting that court reduced award for emotional pain and suffering in retaliation case from $1,370,000 to $350,000). Further, adding front pay[1] of approximately one year (*see Brown*, 2005 WL 1126670, at *5) to the back pay claim reinforces that the amount in controversy is well over the $75,000.00 threshold.

16. Based on the claims alleged, the damages pled, and the demand for damages and fees, it is clear that the jurisdictional threshold is met. *See Cowan*, 2014 WL 3417656, *3.

17. Further, Plaintiff's request for attorneys' fees and costs must be taken into account when calculating the amount in controversy. *See* § 760.11(5), *Fla. Stat.* (stating that prevailing plaintiff under the FCRA is entitled to recover attorneys' fees). Indeed, when a statute, such as the FCRA, "authorizes the recovery of attorneys' fees, a reasonable amount of those fees is included in the amount in controversy." *Brown*, 2005 WL 1126670, at *4 (including prospective attorneys' fees in the amount in controversy) (citing *Morrison v. Allstate Indem. Co.*, 228 F.3d

---

[1] *See also Love v. N. Tool & Equip. Co., Inc.*, No. 08-20453, 2008 WL 2955124, at *4 (S.D. Fla. Aug. 1, 2008) (considering front pay in calculating amount in controversy for removal purposes).

9

1255, 1265 (11th Cir. 2000)). Because attorneys' fees in employment cases often exceed the jurisdictional threshold of $75,000, there is no question that the amount in controversy has been satisfied in the instant case. *See, e.g.*, *Mock v. Bell Helicopter Textron, Inc.*, 2010 WL 5066121 (M.D. Fla. Sept. 3, 2010) (awarding plaintiff $342,207.81 in attorneys' fees in age discrimination case); *EEOC v. Enterprise Leasing Co., Inc.*, No. 8:00-cv-2012, 2003 WL 21659097, at *8 (M.D. Fla. May 16, 2003) (intervening attorney was awarded $77,165.00 for work performed in a non-complex case by lead counsel even after reducing lead counsel's hourly rate, the number of hours billed, and adjusting the lodestar); *Mirras v. Time Ins. Co.*, 578 F. Supp. 2d 1351, 1352-1353 (M.D. Fla. Sept. 16, 2008) (holding that amount in controversy was satisfied where the plaintiff sought $49,413.72 for treatment and care and the defendant offered evidence that attorneys' fees would reach at least $28,000 during litigation); *Alshakanbeh v. Food Lion, LLC*, No. 3:06-cv-1094, 2007 WL 917354, at *2 (M.D. Fla. Mar. 23, 2007) (holding that the defendant's counsel's estimate of the plaintiff's attorneys' fees through trial was not a mere conclusory or speculative allegation).

18. In this case, Defendant Foley estimates that Plaintiffs' counsel may spend 250 hours litigating this case through trial. Such an estimate is consistent with how district courts within the Eleventh Circuit have defined "reasonableness" in terms of hours spent litigating a case. *See St. Fleur v. City of Ft. Lauderdale*, 149 F.

10

App'x 849, 854 (11th Cir. 2005) (affirming reduction of attorneys' fee award by only thirty percent when the plaintiff's attorneys claimed they billed 1500 hours litigating Title VII claims through trial); *Holland v. Gee*, No. 8:08-cv-2458, 2012 WL 5845010, at *2 (M.D. Fla. Oct. 23, 2012) (finding that 260.8 hours billed by lead attorney and 190.8 hours billed by associate attorney was reasonable in Title VII and FCRA case that proceeded through trial). Accordingly, based on the forgoing, the Court should find that 250 hours is a reasonable estimate of the hours Plaintiffs' counsel will spend litigating this case.

19. Further, courts have also found approximately $250.00 per hour to be a reasonable hourly rate for an attorney with Plaintiffs' counsel's experience.[2] *See, e.g., St. Fleur*, 149 F. App'x at 852-853 (affirming $250 as reasonable hourly rate for lead trial attorneys litigating Title VII claim); *Johnson v. Potter,* No. 8:08-cv-1279, 2011 WL 672347, at *2-3 (M.D. Fla. Feb. 17, 2011) (finding hourly rates ranging from $200 to $350 reasonable for work performed by attorneys with various levels of experience in a case involving claims brought under Title VII and the FMLA). Based on the foregoing, Plaintiff's attorneys' fees in the instant case will amount to at least the jurisdictional threshold of $75,000.

20. Accordingly, the various types of alleged damages sought in Plaintiffs' Complaint make clear that the amount in controversy exceeds $75,000.00. Although

---

[2] Florida Bar records indicate that Attorney Sacks was admitted to practice in Florida in 1992.

Defendant Foley denies that Plaintiffs are entitled to these damages, these are the damages that Plaintiffs are seeking in this action and those damages represent the amount in controversy. The amount in controversy requirement is satisfied.

21. Therefore, this Court has jurisdiction over Plaintiffs' claims. *See* 28 U.S.C. §1332, 1441, and 1446.

WHEREFORE, Defendant Foley respectfully requests that *Brandy Vangaasbeek and Michael Vangaasbeek v. Brace Integrated Services, Inc. and Georgia-Pacific, LLC*, Case No. 2021-CA-000644, currently pending in the Circuit Court for the Third Judicial Circuit, in and for Taylor County, Florida, be removed to the United States District Court for the Northern District of Florida, Tallahassee Division.

Dated: January 26, 2022

        Respectfully submitted,

        */s/ Sarah J. Kuehnel*
        OGLETREE, DEAKINS, NASH,
        SMOAK & STEWART, P.C.

        Sarah J. Kuehnel
        Florida Bar No. 124765
        sarah.kuehnel@ogletree.com
        495 Grand Boulevard, Suite 206
        Miramar Beach, Florida 32550
        Telephone: (850) 428-4931
        Facsimile: (314) 802-3936

        Karen E. Smeda
        Florida Bar No. 1011113
        karen.smeda@ogletree.com
        100 N. Tampa Street, Suite 3600
        Tampa, Florida 33602
        Telephone:  (813) 289-1247
        Facsimile:   (813) 289-6530
        Secondary:  angela2.jackson@ogletree.com
                    susan.urso@ogletree.com
                    tamdocketing@ogletree.com

        *Attorneys for Defendant Foley Cellulose, LLC*

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on January 26, 2022, I electronically filed the foregoing with the Court's CM/ECF system, which will serve a copy of this document electronically to all counsel of record.

/s/ *Sarah J. Kuehnel*
Attorney

50062490.v1-OGLETREE