# EXHIBIT "B"



**COMPREHENSIVE CASE INFORMATION SYSTEM**
Gary Knowles, Jr., Clerk of the Circuit Court & Comptroller
***TAYLOR COUNTY***

CCIS

eportaluser

Expand All

| Case Number | Filed Date | Disposition Date | County | Case Type | Status | Contested | Jury Trial |
|---|---|---|---|---|---|---|---|
| 622021CA000644XXXXCX [21000644CAC] | 12/07/2021 | | TAYLOR | CIRCUIT CIVIL | CASE OPEN | No | Yes |

| Party Name | Party Type | Attorney | Bar ID |
|---|---|---|---|
| PARKER, GREGORY STUART | JUDGE | | |
| VANGAASBEEK, BRANDY | PLAINTIFF | LEAN, BOBBY ALLEN | 118769 |
| VANGAASBEEK, MICHAEL | UNKNOWN | | |
| BRACEINTEGRATEDSERVICES,INC., | DEFENDANT | | |
| GEORGIA-PACIFICLLC, | PUBLIC DEFENDER | SMEDA, KAREN ELIZABETH | 1011113 |

**Dockets**

Page : 1 25

| Image | Doc # | Action Date | Description | Pages |
|---|---|---|---|---|
| | | 01/14/2022 | ORDER GRANTING GEORGIA-PACIFICI LLC'S MOTION FOR EXTENSION OF TIME | 1 |
| | | 01/13/2022 | DFDT GEORGIA-PACIFIC LLC'S CONSENT MOTION FOR EXTENSION OF TIME TO FILE RESPONSIVE PLEADING TO PLTFS' COMPLAINT | 3 |
| | | 01/12/2022 | SUMMONS- NOT ISSUED AS SUMMONS FEE NOT PAID THROUGH E-PORTAL | 2 |
| | | 01/07/2022 | DEFENDANT ATTORNEY ASSIGNED: KAREN E SMEDA | |
| | | 01/06/2022 | NOTICE OF APPEARANCE (KAREN SMEDA FOR GP) | 2 |
| | | 12/13/2021 | PAYMENT ACCEPTED FOR TRANSACTION 535661 | 3 |
| | | 12/13/2021 | PLAINTIFF ATTORNEY ASSIGNED: KEVIN C KOSTELNIK | |
| | | 12/07/2021 | CIRCUIT CIVIL COVER SHEET | 3 |
| | | 12/07/2021 | SUMMONS ISSUED AS TO BRACE INTEGRATED SERVICES INC | 3 |
| | | 12/07/2021 | SUMMONS ISSUED AS TO GEORGIA-PACIFIC LLC | 3 |
| | | 12/07/2021 | COMPLAINT | 12 |

**Judge Assignment History**

**Court Events**

**Financial Summary**

**Reopen History**

IN THE CIRCUIT COURT
OF THE THIRD JUDICIAL
CIRCUIT IN AND FOR TAYLOR
COUNTY, FLORIDA

BRANDY VANGAASBEEK
and
MICHAEL VANGAASBEEK          Case No.: 21-644 CA

Plaintiffs

v.

BRACE INTEGRATED SERVICES, INC.
and
GEORGIA-PACIFIC LLC

Defendant.

_____/

## COMPLAINT

Plaintiffs, BRANDY VANGAASBEEK and MICHAEL VANGAASBEEK, hereby sues Defendant, BRACE INTEGRATED SERVICES, Inc. and Defendant GEORGIA-PACIFIC LLC and alleges:

## JURISIDICTION

1. This action is brought pursuant to the Florida Civil Rights Act, Fla. Stat. §760.01, *et seq* ("FCRA").

2. This is an action for damages that exceed $30,000.00, the minimum jurisdictional limits of this court, exclusive of interest and

costs, and Plaintiffs demands a trial by jury; accordingly, although in filing this Complaint Plaintiff's counsel was required to and did file a Civil Cover Sheet stating an "Amount of Claim" figure, that figure is for data collection and clerical processing purposes only, and the amount of damages in this action will be decided by the jury in compliance with Article I, Section 21, Florida Constitution.

## CONDITIONS PRECEDENT

3.     Plaintiffs have satisfied all conditions precedent to the filing of this action in that they timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR"). One Hundred and Eighty days have passed since the filing of the charge of discrimination.

## THE PARTIES

4.     Plaintiff, BRANDY VAN GAASBEEK ("Brandy") is a resident of Florida. She worked in Florida for Defendant. She is a member of a protected class based on her sex.

5.     Plaintiff, MICHAEL VAN GAASBEEK ("Michael") is a resident of Florida. He worked in Florida for Defendant. He is a

member of a protected class based on him engaging in protected activity and his marital status.

6.    At all times pertinent hereto, Defendant Brace has been organized and existing under the laws of the State of Florida. At all times pertinent to this action, Defendant has been an employer as this term is used under the applicable laws.

7.    At all times pertinent hereto, Defendant Georgia-Pacific has been organized and existing under the laws of the State of Florida. At all times pertinent to this action, Defendant has been an employer as this term is used under the applicable laws.

## STATEMENT OF FACTS

8.    Brandy[1] worked at the Foley Mill from November 2017 until her termination on September 9, 2020. The Foley Mill is owned by Defendant Georgia-Pacific. Defendant Brace operates the Foley Mill.

9.    Michael worked Defendant Brace at the Foley Mill from 1999 until his termination in November 2020.

---

[1] Normally, Plaintiffs' counsel would refer to the parties by their surnames, because the plaintiffs share a last name, they will be referred to by their first names for ease of reference.

10. At the time of his termination Michael was employed as a project manager.

11. Plaintiffs are married to one another.

12. While Brandy was working another employee was injured due to chemical burns.

13. As part of her job duties, Brandy completed an incident report and took photos of the injury.

14. Unbeknownst to Brandy, in the background of one of the photos was an employee with a cigarette in his hand.

15. Defendant Georgia-Pacific has a no tobacco policy.

16. On July 13, 2020, the employee and Brandy were gate locked from the facility by Defendant Georgia-Pacific, which means they are unable to access the facility.

17. In short, Defendant Georgia-Pacific was able to control whether Brandy was able to work, when she was able to work, where she was able to work and whether she was able to access the necessary locations to perform their work.

18. In the past when male employees were gate locked from a facility by Georgia-Pacific, the gate lock only lasted for six months.

19.   Defendant Georgia-Pacific informed Plaintiff that she would be gate locked indefinitely.

20.   When Brandy discovered that she was gate locked, she informed Defendant Brace.

21.   When other male employees were gate locked, they were permitted to work elsewhere for Defendant Brace, including the employee who was also gate locked with Brandy. Defendant Brace operates numerous facilities in the area.

22.   While Brandy was gate locked, Defendant allowed her to work from home completing the paperwork portion of her job. Her hours were cut as a result.

23.   On July 27, 2020, one of Defendant Brace's secretaries left the company. That secretary performed all of the payroll and billing for the company.

24.   Defendant Brace allowed Brandy to work from home performing those functions. On August 5, 2020, Defendant Brace confirmed that Brandy was approved for the secretary role.

25.   As part of that role, Defendant Brace provided Brandy with a filing cabinet. The filing cabinet contained employee files used by

Brandy for her payroll duties. Brandy and Michael purchased a desk and chair for their home as well for Brandy to use.

26. On September 4, 2020 another employee of Defendant Brace demanded that Brandy return to work to perform her yard duties. Brandy informed him that she was now working as a secretary and did not have yard duties.

27. Defendant Brace then terminated Brandy.

28. After the termination, Brandy filed a charge of discrimination against both Defendants which her husband, Michael, participated in and was named in as a witness.

29. Shortly after it was filed, Defendant Brace began threatening Michael's employment.

30. Defendant Brace informed Brandy that if the filing cabinet was not returned, Michael would suffer the consequences.

31. Defendant Brace demanded that Michael return the filing cabinet and the files inside.

32. When Michael did so he was told he was being fired for being in possession for employee files, the same files that Defendant Brace provided to his wife and demanded Michael return along with the filing cabinet.

33. When Michael called the Defendant Brace's President to inquire why he was terminated he was told it was simply "time for a change."

34. Plaintiffs have retained the undersigned to represent their interests in this cause and is obligated to pay him a fee for his services. Defendant should be made to pay said fee under the laws applicable to this action.

## COUNT I
## VIOLATION OF FLORIDA CIVIL RIGHTS ACT OF 1992, FLORIDA STATUTES §760.10
### (Sex Discrimination as to Brandy VanGaasbeek)
### (Against Defendant Brace)

35. Paragraphs 1-34 are realleged and incorporated herein by reference.

36. Defendant discriminated against Plaintiff on the basis of her sex with respect to terms, conditions, and privileges of her employment in violation §760.10(1)(a) and (b), Florida Statutes.

37. Plaintiff is a member of a protected class within the meaning of the applicable law.

38. The effect of these unlawful employment practices by Defendant has been to deprive Plaintiff of equal employment

opportunities and other terms, conditions, and privileges of her employment.

39. As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, mental anguish, and other non-pecuniary losses, long with lost back pay and front pay, interest on pay, bonuses and other benefits. These damages have occurred in the past, are permanent and continuing. Plaintiff is entitled to equitable relief.

## COUNT II
## VIOLATION OF FLORIDA CIVIL RIGHTS ACT OF 1992, FLORIDA STATUTES §760.10
### (Sex Discrimination as to Brandy VanGaasbeek)
### (Against Defendant Georgia-Pacific)

40. Paragraphs 1-34 are realleged and incorporated herein by reference.

41. Defendant discriminated against Plaintiff on the basis of her sex with respect to terms, conditions, and privileges of her employment in violation §760.10(1)(a) and (b), Florida Statutes.

42. Plaintiff is a member of a protected class within the meaning of the applicable law.

43. The effect of these unlawful employment practices by Defendant has been to deprive Plaintiff of equal employment opportunities and other terms, conditions, and privileges of her employment.

44. As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, mental anguish, and other non-pecuniary losses, long with lost back pay and front pay, interest on pay, bonuses and other benefits. These damages have occurred in the past, are permanent and continuing. Plaintiff is entitled to equitable relief.

## COUNT III
## VIOLATION OF FLORIDA CIVIL RIGHTS ACT OF 1992, FLORIDA STATUTES §760.10
### (Retaliation as to Michael VanGaasbeek)
### (Against Defendant Brace)

45. Paragraphs 1-34 are realleged and incorporated herein by reference.

46. Defendant discriminated against Plaintiff on the basis of him engaging in protected conduct with respect to terms, conditions, and privileges of his employment in violation §760.10(1)(a) and (b), Florida Statutes.

47. Plaintiff is a member of a protected class within the meaning of the applicable law.

48. The effect of these unlawful employment practices by Defendant has been to deprive Plaintiff of equal employment opportunities and other terms, conditions, and privileges of his employment.

49. As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, mental anguish, and other non-pecuniary losses, long with lost back pay and front pay, interest on pay, bonuses and other benefits. These damages have occurred in the past, are permanent and continuing. Plaintiff is entitled to equitable relief.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs request that this Court grant the following relief:

(a) that process issue and this Court take jurisdiction over this case;

(b) that this Court grant equitable relief against Defendants under the applicable counts set forth above,

mandating Defendants' obedience to the laws enumerated herein and providing other equitable relief to Plaintiffs;

(c) enter judgment against Defendants and for Plaintiffs awarding all legally-available general and compensatory damages and economic losses to Plaintiffs from Defendants for Defendants' violations of law enumerated herein;

(d) enter judgment against Defendants and for Plaintiffs permanently enjoining Defendants from future violations of law enumerated herein;

(e) enter judgment against Defendants and for Plaintiffs awarding Plaintiffs attorney's fees and costs;

(f) grant such other further relief as being just and proper under the circumstances, including but not limited to reinstatement.

## DEMAND FOR TRIAL BY JURY

Plaintiffs hereby demands a trial by jury on all issues herein that are so triable.

Respectfully submitted this 7th day of December, 2021.

/s/ *Kevin C. Kostelnik*
**Kevin C. Kostelnik**
Florida Bar No.: 0118769
**Tiffany R. Cruz**
Florida Bar No.: 090986

**CRUZ LAW FIRM, P.A.**
411 N. Calhoun Street
Tallahassee, FL 32301
Telephone: (850) 701-8838
Kevin@tiffanycruzlaw.com
Tiffany@tiffanycruzlaw.com
meredith@tiffanycruzlaw.com

ATTORNEYS FOR PLAINTIFF

**FORM 1.997.    CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

### I.    CASE STYLE

IN THE CIRCUIT/COUNTY COURT OF THE <u>THIRD</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>TAYLOR</u>   COUNTY, FLORIDA

Plaintiff

vs.

Defendant

Case # 21-644 CA

Judge _____

### II.    AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐ $8,000 or less
☐ $8,001 - $30,000
☐ $30,001- $50,000
☐ $50,001- $75,000
☐ $75,001 - $100,000
☒ over $100,000.00

### III.    TYPE OF CASE    (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

# CIRCUIT CIVIL

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
    ☐ Business governance
    ☐ Business torts
    ☐ Environmental/Toxic tort
    ☐ Third party indemnification
    ☐ Construction defect
    ☐ Mass tort
    ☐ Negligent security
    ☐ Nursing home negligence
    ☐ Premises liability—commercial
    ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
    ☐ Commercial foreclosure
    ☐ Homestead residential foreclosure
    ☐ Non-homestead residential foreclosure
    ☐ Other real property actions

☐Professional malpractice
    ☐ Malpractice—business
    ☐ Malpractice—medical
    ☐ Malpractice—other professional
☒ Other
    ☐ Antitrust/Trade regulation
    ☐ Business transactions
    ☐ Constitutional challenge—statute or ordinance
    ☐ Constitutional challenge—proposed amendment
    ☐ Corporate trusts
    ☒ Discrimination—employment or other
    ☐ Insurance claims
    ☐ Intellectual property
    ☐ Libel/Slander
    ☐ Shareholder derivative action
    ☐ Securities litigation
    ☐ Trade secrets
    ☐ Trust litigation

# COUNTY CIVIL

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order. Yes ☐ No ☒

**IV.**     **REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☒ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V.**     **NUMBER OF CAUSES OF ACTION:** [   ]
(Specify)

   3

**VI.**     **IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ yes
    ☒ no

**VII.**     **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.**     **IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ yes
    ☐ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: _s/ Kevin C Kostelnik_             Fla. Bar # _118763_
          Attorney or party                       (Bar # if attorney)

_Kevin C Kostelnik_                   _12/07/2021_
(type or print name)                 Date

## IN THE CIRCUIT COURT OF THE THIRD JUDICIAL
## CIRCUIT IN AND FOR TAYLOR COUNTY, FLORIDA

**BRANDY VANGAASBEEK**
**AND**
**MICHAEL VANGAASBEEK,**

    **Plaintiff,**

v.                        CASE NO.: 21-644CA

**BRACE INTEGRATED SERVICES, INC**
**AND**
**GEORGIA-PACIFIC LLC,**

    **Defendants.**

_____/

## SUMMONS

THE STATE OF FLORIDA:
To Each Sheriff of the State:

    YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on Defendant:

    **BRACE INTEGRATED SERVICES, INC.**
    c/o CORPORATION SERVICE COMPANY
    1201 Hays Street
    Tallahassee, FL 32301

    Each defendant is required to serve written defenses to the complaint or petition on **Kevin C. Kostelnik** and **Tiffany R. Cruz**, Plaintiff's attorneys, whose address is **Cruz Law Firm, P.A., 411 N. Calhoun Street, Tallahassee, FL 32301,** within twenty (20) days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court, either before service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

DATED on _December 7_____, 2021.

                           CLERK OF THE CIRCUIT COURT

                           By: Marti Lee, Deputy Clerk

# IN THE CIRCUIT COURT OF THE THIRD JUDICIAL CIRCUIT, IN AND FOR THE STATE OF FLORIDA

## ADMINISTRATIVE ORDER NO. 2021-005

Brandy Vangaasbeek and
Michael Vangasbeek
**Plaintiff(s)**

CASE NO: 21-644CA

v.

Brace Intergrated Services, Inc., et al
**Defendant(s)**

_____/

## THIRD JUDICIAL CIRCUIT STANDING ORDER IN CIVIL CASES

PURSUANT to Florida Rule of Civil Procedure 1.200(a), Florida Rule of Judicial Administration 2.545, and the Third Judicial Circuit Administrative Order 2021-004 entered by the Chief Judge of this Circuit, the parties are ordered to adhere to the following information and procedures applicable to civil lawsuits:

1. SERVICE OF THIS ORDER: The Plaintiff is directed to serve a copy of this order with each Summons issued in this case. One copy of this Order is to be filed with the Clerk of the Circuit Court with proof of service.

2. CIVIL CASE MANAGEMENT SYSTEM: The Supreme Court of Florida has established guidelines for the prompt processing and resolution of civil cases. This Court has adopted a case management system to help meet those guidelines. In contested cases (other than foreclosures, involuntary commitment of sexually violent predators (Jimmy Ryce Act) and eminent domain cases), the parties are required to participate in the case management system. The case management system requires early consultation and cooperation among the parties, early interaction with a Civil Case Manager and early involvement by the Court. The

Case Management Plan requires the parties to adhere to case specific compliance deadlines, confer in a good faith attempt to narrow the matters in controversy, and identify the issues that require direct involvement by the Court. All parties are required to be familiar with Third Judicial Circuit Administrative Order 2021-004, Florida Rules of Civil Procedures 1.070 and 1.201, and Florida Rule of Judicial Administration 2.545 and 2.250, all of which may be located and accessed at the Court's website. https://thirdcircuitfl.org.

The Court will issue a Case Management Order on or before 30 days from the date of service of the last defendant. For cases subject to a statutory stay or moratorium preventing prosecution of the case, the Court will issue a Case Management Order within 45 days after the stay or moratorium ends or within 30 days after service of the Complaint on the last of all named defendants, whichever date is later. If a case management conference is scheduled, attendance by trial counsel and those parties who are not represented by counsel is *mandatory*.

3.      ALTERNATIVE DISPUTE RESOLUTION (ADR): ADR provides parties with an out-of-court alternative to settling disagreements. The Court requires the parties to participate in ADR prior to trial. Mediation is mandatory unless the parties agree to another form of ADR. Mediation is a conference at which an independent third party attempts to arrange a settlement between the parties.

DONE AND ORDERED in Chambers in Lake City, Columbia County, Florida this 29th day of April, 2021.

_____
**MARK E. FEAGLE, Chief Circuit Judge**

## IN THE CIRCUIT COURT OF THE THIRD JUDICIAL
## CIRCUIT IN AND FOR TAYLOR COUNTY, FLORIDA

**BRANDY VANGAASBEEK**
**AND**
**MICHAEL VANGAASBEEK,**

      **Plaintiff,**

**v.**                              **CASE NO.:** 21-644 CA

**BRACE INTEGRATED SERVICES, INC**
**AND**
**GEORGIA-PACIFIC LLC,**

      **Defendants.**

_____/

### SUMMONS

THE STATE OF FLORIDA:
To Each Sheriff of the State:

      YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on Defendant:

      **GEORGIA-PACIFIC LLC**
      c/o UNITED AGENT GROUP, INC.
      801 US Highway 1
      North Palm Beach, FL 33408

      Each defendant is required to serve written defenses to the complaint or petition on **Kevin C. Kostelnik** and **Tiffany R. Cruz**, Plaintiff's attorneys, whose address is **Cruz Law Firm, P.A., 411 N. Calhoun Street, Tallahassee, FL 32301,** within twenty (20) days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court, either before service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

      DATED on December 7, 2021.

                                  CLERK OF THE CIRCUIT COURT

                                  By: Marti Lee, Deputy Clerk

# IN THE CIRCUIT COURT OF THE THIRD JUDICIAL CIRCUIT, IN AND FOR THE STATE OF FLORIDA

## ADMINISTRATIVE ORDER NO. 2021-005

Brandy Vangaasbeek and
Michael Vangasbeek
**Plaintiff(s)**

CASE NO: 21-644CA

v.

Brace Intergrated Services, Inc., et al
**Defendant(s)**

_____/

## THIRD JUDICIAL CIRCUIT STANDING ORDER IN CIVIL CASES

PURSUANT to Florida Rule of Civil Procedure 1.200(a), Florida Rule of Judicial

Administration 2.545, and the Third Judicial Circuit Administrative Order 2021-004 entered by

the Chief Judge of this Circuit, the parties are ordered to adhere to the following information and

procedures applicable to civil lawsuits:

1.    SERVICE OF THIS ORDER: The Plaintiff is directed to serve a copy of this order with

each Summons issued in this case. One copy of this Order is to be filed with the Clerk of the

Circuit Court with proof of service.

2.    CIVIL CASE MANAGEMENT SYSTEM: The Supreme Court of Florida has

established guidelines for the prompt processing and resolution of civil cases. This Court has

adopted a case management system to help meet those guidelines. In contested cases (other

than foreclosures, involuntary commitment of sexually violent predators (Jimmy Ryce Act)

and eminent domain cases), the parties are required to participate in the case management

system. The case management system requires early consultation and cooperation among the

parties, early interaction with a Civil Case Manager and early involvement by the Court. The

Case Management Plan requires the parties to adhere to case specific compliance deadlines, confer in a good faith attempt to narrow the matters in controversy, and identify the issues that require direct involvement by the Court. All parties are required to be familiar with Third Judicial Circuit Administrative Order 2021-004, Florida Rules of Civil Procedures 1.070 and 1.201, and Florida Rule of Judicial Administration 2.545 and 2.250, all of which may be located and accessed at the Court's website. https://thirdcircuitfl.org.

The Court will issue a Case Management Order on or before 30 days from the date of service of the last defendant. For cases subject to a statutory stay or moratorium preventing prosecution of the case, the Court will issue a Case Management Order within 45 days after the stay or moratorium ends or within 30 days after service of the Complaint on the last of all named defendants, whichever date is later. If a case management conference is scheduled, attendance by trial counsel and those parties who are not represented by counsel is *mandatory*.

3.     ALTERNATIVE DISPUTE RESOLUTION (ADR): ADR provides parties with an out-of-court alternative to settling disagreements. The Court requires the parties to participate in ADR prior to trial. Mediation is mandatory unless the parties agree to another form of ADR. Mediation is a conference at which an independent third party attempts to arrange a settlement between the parties.

DONE AND ORDERED in Chambers in Lake City, Columbia County, Florida this 29th day of April, 2021.

**MARK E. FEAGUE, Chief Circuit Judge**

| | |
|---|---:|
| PREPARING SUMMONS | 10.00 |
| SC >$500<$2500 | 175.00 |
| **Total ....** | $185.00 |
| BALANCE ON 12/13/2021 | $0.00 |

### 21000278SCC No: 007

| | |
|---|---:|
| PREPARING SUMMONS | 10.00 |
| SC >$500<$2500 | 175.00 |
| **Total ....** | $185.00 |
| BALANCE ON 12/13/2021 | $0.00 |

### 21000279CCA No: 008

| | |
|---|---:|
| PREPARING SUMMONS | 10.00 |
| TENANCT EVICTIONS | 185.00 |
| **Total ....** | $195.00 |
| BALANCE ON 12/13/2021 | $0.00 |

### 21000280SCC No: 009

| | |
|---|---:|
| PREPARING SUMMONS | 10.00 |
| SC >$2500 | 300.00 |
| **Total ....** | $310.00 |

**2198703**

| | |
|---|---|
| **Credit Card** **2202934** | 41.00 |
| **Credit Card** **2242363** | 410.00 |
| **Credit Card** **2245164** | 85.00 |
| **Credit Card** **2248470** | 400.00 |
| **Credit Card** **2251665** | 420.00 |
| **Electronic Check** **2178729** | 310.00 |
| **Electronic Check** **2179015** | 185.00 |
| **Electronic Check** **2179102** | 185.00 |
| **Electronic Check** **2193139** | 295.00 |
| **Electronic Check** **2219767** | 310.00 |

**IN THE CIRCUIT COURT OF THE THIRD JUDICIAL CIRCUIT
IN AND FOR TAYLOR COUNTY, FLORIDA**

BRANDY VANGAASBEEK
and
MICHAEL VANGAASBEEK,

      Plaintiffs,

v.
                                 Case No. 21-644CA

BRACE INTEGRATED SERVICES, INC
and
GEORGIA-PACIFIC LLC,

      Defendants.

_____ /

## <u>NOTICE OF APPEARANCE</u>

      PLEASE TAKE NOTICE that Karen E. Smeda of Ogletree, Deakins, Nash, Smoak &

Stewart, P.C. enters her appearance as counsel of record for Defendant, GEORGIA-PACIFIC

LLC, in the above-referenced matter and requests that copies of all pleadings, motions, and other

documents filed in this matter be served on the undersigned.

Dated: January 6, 2022              Respectfully submitted,

                           */s/ Karen E. Smeda*_____
                           Karen E. Smeda; FBN: 1011113
                           OGLETREE, DEAKINS, NASH
                            SMOAK & STEWART, P.C.
                           100 N Tampa Street, Suite 3600
                           Tampa, FL 33602
                           karen.smeda@ogletree.com
                           angela2.jackson@ogletree.com
                           susan.urso@ogletree.com
                           tamdocketing@ogletree.com
                           Telephone: 813.289.1247
                           Facsimile: 813.289.6530
                           *Attorney for Defendant*

<u>**CERTIFICATE OF SERVICE**</u>

**I HEREBY CERTIFY** that on January 6, 2022, the foregoing was filed with the Clerk of

Court via the Florida E-filing portal, which will send a notice of electronic filing to:

Kevin C. Kostelnik, Esq.
Tiffany R. Cruz, Esq.
Cruz Law Firm, P.A.
411 N. Calhoun Street
Tallahassee, FL 32301
kevin@tiffanycruzlaw.com
tiffany@tiffanycruzlaw.com
meredith@tiffanycruzlaw.com
*Attorneys for Plaintiff*

*/s/ Karen E. Smeda* 
Attorney

47599593.1

2

# IN THE CIRCUIT COURT OF THE THIRD JUDICIAL
# CIRCUIT IN AND FOR TAYLOR COUNTY, FLORIDA

**BRANDY VANGAASBEEK**
**AND**
**MICHAEL VANGAASBEEK,**

      **Plaintiff,**

**v.**                              **CASE NO.: 21-644CA**

**BRACE INTEGRATED SERVICES, INC**
**AND**
**GEORGIA-PACIFIC LLC,**

      **Defendants.**

_____/

## <u>SUMMONS</u>

THE STATE OF FLORIDA:
To Each Sheriff of the State:

      YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on Defendant:

      **BRACE INTEGRATED SERVICES, INC.**
      c/o C T CORPORATION SYSTEM
      1200 South Pine Island Road
      Plantation, FL 33324

      Each defendant is required to serve written defenses to the complaint or petition on **Kevin C. Kostelnik** and **Tiffany R. Cruz**, Plaintiff's attorneys, whose address is **Cruz Law Firm, P.A., 411 N. Calhoun Street, Tallahassee, FL 32301,** within twenty (20) days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court, either before service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

      DATED on _____, 2022.

                                CLERK OF THE CIRCUIT COURT

IN THE CIRCUIT COURT OF THE THIRD JUDICIAL CIRCUIT
IN AND FOR TAYLOR COUNTY, FLORIDA

BRANDY VANGAASBEEK
and
MICHAEL VANGAASBEEK,

      Plaintiffs,

v.                                                           Case No.:  21-644CA

BRACE INTEGRATED SERVICES, INC., and
GEORGIA-PACIFIC LLC,

      Defendants.

_____/

## DEFENDANT GEORGIA-PACIFIC LLC's CONSENT MOTION FOR EXTENSION OF TIME TO FILE RESPONSIVE PLEADING TO PLAINTIFFS' COMPLAINT

Defendant, GEORGIA-PACIFIC LLC ("GP"), by and through its undersigned counsel, hereby files this consent motion for an extension of time until January 31, 2022, to file a response to the Complaint filed by Plaintiffs BRANDY VANGAASBEEK and MICHAEL VANGAASBEEK ("Plaintiffs"). As good cause, Defendant GP states:

1.     Plaintiffs filed the Complaint instigating the above-captioned lawsuit on December 7, 2021, which it served on Defendant GP on December 27, 2021.

2.     Defendant GP's response to the Complaint is presently due on January 16, 2022.

3.     Defendant GP is investigating the allegations contained in Plaintiffs' Complaint and needs additional time within which to complete its investigation. The parties have agreed to an extension of time through and including January 31, 2022, for Defendant GP to respond to Plaintiffs' Complaint.

4.     Counsel for Defendant GP has conferred with counsel for Plaintiffs, and Plaintiffs' counsel advised that Plaintiffs consent to the relief requested herein.

1

5.      This request is not made for purposes of delay or for any other improper purpose. The Parties will not be prejudiced if the Court grants this Motion.

**WHEREFORE**, Defendant GP respectfully requests that the Court grant this motion and extend the deadline for Defendant GP to file its responsive pleading to Plaintiffs' Complaint, up to and including January 31, 2022.

DATED:  January 13, 2022

Respectfully submitted,

/s/ *Sarah J. Kuehnel*
OGLETREE, DEAKINS, NASH,
 SMOAK & STEWART, P.C.
Sarah J. Kuehnel
Florida Bar No. 124765
sarah.kuehnel@ogletree.com
495 Grand Boulevard, Suite 206
Miramar Beach, Florida 32550
Telephone: (850) 428-4931
Facsimile: (314) 802-3936

Karen E. Smeda
Florida Bar No. 1011113
karen.smeda@ogletree.com
100 N. Tampa Street, Suite 3600
Tampa, Florida 33602
Telephone:   (813) 289-1247
Facsimile:   (813) 289-6530

*Attorneys for Defendant Georgia-Pacific LLC*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 13, 2022, I filed the foregoing with the Clerk via the Florida Court's E-Filing Portal which will send electronic notification to:

Kevin C. Kostelnik, Esq.
Tiffany R. Cruz, Esq.
CRUZ LAW FIRM, P.A.
411 N. Calhoun Street
Tallahassee, FL 32301
kevin@tiffanycruzlaw.com
tiffany@tiffanycruzlaw.com
meredith@tiffanycruzlaw.com
*Attorneys for Plaintiffs*

/s/ ***Sarah J. Kuehnel***_____
Attorney

49915714.1

49915714.1

IN THE CIRCUIT COURT OF THE THIRD JUDICIAL CIRCUIT
IN AND FOR TAYLOR COUNTY, FLORIDA

CIRCUIT CIVIL DIVISION

CASE NO.: 62-2021- CA-644

BRANDY VANGAASBEEK,
And
MICHAEL VANGAASBEEK,

     Plaintiffs,

vs.

BRACE INTEGRATED SERVICES, INC.,
And
GEORGIA-PACIFIC, LLC.,

     Defendants.

_____/

### ORDER GRANTING GEORGIA-PACIFIC LLC'S MOTION
### FOR EXTENSION OF TIME

     **THIS CAUSE** having been reviewed by the Court, and the Motion for Extension of Time filed on January 13, 2022. The Court, having considered the Motion, it is hereby:

     **ORDERED**

     1. The Motion is **GRANTED.**

     2. Movant shall file a response/answer by January 31, 2022.

     DONE and ORDERED in Chambers at Taylor County, Florida, this _14_ day of January, 2022.

_____
GREG S. PARKER, Circuit Court Judge

Service List:
Kevin Kostelnik, Esq, kevin@tiffanycruzlaw.com; tiffany@tiffanycruzlaw.com;
meredith@tiffanycruzlaw.com
Sarah Kuehnel, Esq, sarah.kuehnel@ogletree.com; karen.smeda@ogletree.com

_____
Judicial Assistant