UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

BRANDY VANGAASBEEK
and MICHAEL VANGAASBEEK,

    Plaintiffs,                                Case No.: 4:22-cv-000038-AW-MAF

v.

BRACE INTEGRATED SERVICES, INC.
And FOLEY CELLULOSE LLC,

    Defendants.
_____/

## SECOND AMENDED COMPLAINT[1]

Plaintiffs, BRANDY VANGAASBEEK and MICHAEL VANGAASBEEK, hereby sue Defendant, BRACE INTEGRATED SERVICES, Inc. ("Brace") and Defendant FOLEY CELLULOSE LLC ("Foley"), and allege:

## JURISIDICTION

1. This action is brought pursuant to the Florida Civil Rights Act, Fla. Stat. §760.01, *et seq* ("FCRA") and the Family and Medical Leave Act, 29 U.S.C. § 2615.

2. This is an action for damages that exceed $30,000.00, the minimum jurisdictional limits of this court, exclusive of interest and costs, and Plaintiffs

---

[1] Pursuant to Federal Rules of Civil Procedure 15(a)(2), all opposing parties have provided written consent for this amendment.

demand a trial by jury; accordingly, although in filing this Complaint Plaintiffs' counsel was required to and did file a Civil Cover Sheet stating an "Amount of Claim" figure, that figure is for data collection and clerical processing purposes only, and the amount of damages in this action will be decided by the jury in compliance with Article I, Section 21, Florida Constitution.

## **CONDITIONS PRECEDENT**

3. Plaintiffs have satisfied all conditions precedent to the filing of this action in that they timely filed charges of discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR"). One Hundred and Eighty days have passed since the filing of the charge of discrimination.

## **THE PARTIES**

4. Plaintiff, BRANDY VAN GAASBEEK ("Brandy") is a resident of Florida. She worked in Florida for Defendants. She is a member of a protected class based on her sex.

5. Plaintiff, MICHAEL VAN GAASBEEK ("Michael") is a resident of Florida. He worked in Florida for Defendants. He is a member of a protected class based on him engaging in protected activity and his attempts to take protected medical leave.

6. At all times pertinent hereto, Defendant Brace has been organized and existing under the laws of the State of Florida. At all times pertinent to this action, Defendant Brace has been an employer as this term is used under the applicable laws and is subject to the laws at issue here.

7. At all times pertinent hereto, Defendant Foley has been organized and existing under the laws of the State of Florida. At all times pertinent to this action, Defendant Foley has been an employer as this term is used under the applicable laws.

## STATEMENT OF FACTS

8. Brandy[2] worked at the Foley Mill from November 2017 until her termination on September 9, 2020. The Foley Mill is owned by Foley. Defendant Brace operates the Foley Mill.

9. Michael worked Defendant Brace at the Foley Mill from 1999 until his termination in November 2020.

10. At the time of his termination Michael was employed as a project manager.

11. Plaintiffs are married to one another.

12. While Brandy was working, another employee was injured due to chemical burns.

---

[2] Normally, Plaintiffs' counsel would refer to the parties by their surnames, because the Plaintiffs share a last name, they will be referred to by their first names for ease of reference.

13. As part of her job duties, Brandy completed an incident report and took photos of the injury.

14. Unbeknownst to Brandy, in the background of one of the photos was an employee with a cigarette in his hand.

15. Defendant Foley has a no tobacco policy.

16. On July 13, 2020, the employee and Brandy were gate locked from the facility by Defendant Foley, which means they are unable to access the facility.

17. In short, Defendant Foley was able to control whether Brandy was able to work, when she was able to work, where she was able to work and whether she was able to access the necessary locations to perform their work.

18. In the past when male employees were gate locked from a facility by Foley, the gate lock only lasted for six months.

19. Defendant Foley informed Plaintiff that she would be gate locked indefinitely.

20. When Brandy discovered that she was gate locked, she informed Defendant Brace.

21. When other male employees were gate locked, they were permitted to work elsewhere for Defendant Brace, including the employee who was also gate locked with Brandy. Defendant Brace operates numerous facilities in the area.

22. While Brandy was gate locked, Defendant allowed her to work from home completing the paperwork portion of her job. Her hours were cut as a result.

23. On July 27, 2020, one of Defendant Brace's secretaries left the company. That secretary performed all of the payroll and billing for the company.

24. Defendant Brace allowed Brandy to work from home performing those functions. On August 5, 2020, Defendant Brace confirmed that Brandy was approved for the secretary role.

25. As part of that role, Defendant Brace provided Brandy with a filing cabinet. The filing cabinet contained employee files used by Brandy for her payroll duties. Brandy and Michael purchased a desk and chair for their home as well for Brandy to use.

26. On September 4, 2020 another employee of Defendant Brace demanded that Brandy return to work to perform her yard duties. Brandy informed him that she was now working as a secretary and did not have yard duties.

27. In 2019, Michael informed Defendant Brace that he needed neck surgery which would require him to be out of work for some time.

28. Defendant Brace demanded that Michael not get the neck surgery at that time because he was needed a work and they could not afford to have him take the time off.

29. Defendant Brace then terminated Brandy.

30. After the termination, Brandy filed a charge of discrimination against both Defendants which her husband, Michael, participated in and was named in as a witness.

31. In 2020, Michael scheduled his much-needed neck surgery. He informed Defendant Brace that he was getting the neck surgery and that he would need to be out on medical leave.

32. Shortly after his request for medical leave and his wife filed her charge, Defendant Brace began threatening Michael's employment.

33. Defendant Brace informed Brandy that if the filing cabinet was not returned, Michael would suffer the consequences.

34. Defendant Brace demanded that Michael return the filing cabinet and the files inside.

35. When Michael did so, he was told he was being fired for being in possession for employee files, the same files that Defendant Brace provided to his wife and demanded Michael return along with the filing cabinet.

36. This termination occurred roughly two weeks after Michael informed Defendant Brace of his need to take protected medical leave.

37. When Michael called the Defendant Brace's President to inquire why he was terminated he was told it was simply "time for a change."

38. Plaintiffs have retained the undersigned to represent their interests in this cause and is obligated to pay him a fee for his services. Defendants should be made to pay said fee under the laws applicable to this action.

**COUNT I**
**VIOLATION OF FLORIDA CIVIL RIGHTS ACT OF 1992, FLORIDA STATUTES §760.10**
**(Sex Discrimination as to Brandy VanGaasbeek)**
**(Against Defendant Brace)**

39. Paragraphs 1-38 are realleged and incorporated herein by reference.

40. Defendant Brace discriminated against Brandy on the basis of her sex with respect to terms, conditions, and privileges of her employment in violation §760.10(1)(a) and (b), Florida Statutes.

41. Brandy is a member of a protected class within the meaning of the applicable law.

42. The effect of these unlawful employment practices by Defendant Brace has been to deprive Brandy of equal employment opportunities and other terms, conditions, and privileges of her employment.

43. As a direct and proximate result of Defendant Brace's conduct described above, Brandy has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, mental anguish, and other non-pecuniary losses, long with lost back pay and front pay, interest on pay, bonuses and

other benefits. These damages have occurred in the past, are permanent and continuing. Brandy is entitled to equitable relief.

## COUNT II
## VIOLATION OF FLORIDA CIVIL RIGHTS ACT OF 1992, FLORIDA STATUTES §760.10
## (Sex Discrimination as to Brandy VanGaasbeek)
## (Against Defendant Foley)

44. Paragraphs 1-38 are realleged and incorporated herein by reference.

45. Defendant discriminated against Brandy on the basis of her sex with respect to terms, conditions, and privileges of her employment in violation §760.10(1)(a) and (b), Florida Statutes.

46. Brandy is a member of a protected class within the meaning of the applicable law.

47. The effect of these unlawful employment practices by Defendant Foley has been to deprive Brandy of equal employment opportunities and other terms, conditions, and privileges of her employment.

48. As a direct and proximate result of Defendant Foley's conduct described above, Brandy has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, mental anguish, and other non-pecuniary losses, long with lost back pay and front pay, interest on pay, bonuses and other benefits. These damages have occurred in the past, are permanent and continuing. Brandy is entitled to equitable relief.

# COUNT III
# VIOLATION OF FLORIDA CIVIL RIGHTS ACT OF 1992, FLORIDA STATUTES §760.10
# (Retaliation as to Michael VanGaasbeek)
# (Against Defendant Brace)

49. Paragraphs 1-38 are realleged and incorporated herein by reference.

50. Defendant discriminated against Michael on the basis of him engaging in protected conduct with respect to terms, conditions, and privileges of his employment in violation §760.10(1)(a) and (b), Florida Statutes.

51. Michael is a member of a protected class within the meaning of the applicable law.

52. The effect of these unlawful employment practices by Defendant Brace has been to deprive Michael of equal employment opportunities and other terms, conditions, and privileges of his employment.

53. As a direct and proximate result of Defendant Brace's conduct described above, Michael has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, mental anguish, and other non-pecuniary losses, long with lost back pay and front pay, interest on pay, bonuses and other benefits. These damages have occurred in the past, are permanent and continuing. Michael is entitled to equitable relief.

# COUNT IV
# RETALIATION AND UNLAWFUL DISCRIMINATION
# AGAINST PLAINTIFF FOR EXERCISING
# HIS FAMILY MEDICAL LEAVE ACT RIGHTS
# IN VIOLATION OF 29 U.S.C. § 2615
# (Against Defendant Brace)

54. Paragraphs 1-38 are re-alleged and incorporated herein by reference.

55. Defendant Brace engaged in commerce or other industry or activity affecting commerce and employed fifty (50) or more employees for each working day during the twenty (20) or more calendar work weeks in the current or preceding calendar within seventy-five (75) miles of where Michael was employed. Defendant Brace is an employer under the Family Medical Leave Act ("FMLA").

56. Michael was an eligible employee under the FMLA to receive time off for medical leave.

57. Michael notified Defendant Brace of his need for medical leave under the FMLA. Michael engaged in protected activity when he requested medical leave to obtain care for his serious health condition.

58. Defendant Brace retaliated against Michael for requesting and taking leave he was entitled to take under the FMLA by terminating Michael from his position.

59. Defendant Brace knew and was aware that Michael was attempting to exercise the rights secured to him by the FMLA due to his serious health condition and his need for leave.

60. Defendant Brace took adverse action against Michael in bad faith for exercising his rights under the FMLA in violation of 29 U.S.C. Section 2615.

61. As a result of Defendant Brace's willful violations of the FMLA, Michael is entitled to relief pursuant to the FMLA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that this Court grant the following relief:

(a) that process issue and this Court take jurisdiction over this case;

(b) that this Court grant equitable relief against Defendants under the applicable counts set forth above, mandating Defendants' obedience to the laws enumerated herein and providing other equitable relief to Plaintiffs;

(c) enter judgment against Defendants and for Plaintiffs awarding all legally-available general and compensatory damages and punitive damages and economic losses to Plaintiffs from Defendants for Defendants' violations of law enumerated herein;

(d) enter judgment against Defendants and for Plaintiffs permanently enjoining Defendants from future violations of law enumerated herein;

(e) enter judgment against Defendants and for Plaintiffs awarding Plaintiffs attorney's fees and costs;

(f) grant such other further relief as being just and proper under the circumstances, including but not limited to reinstatement.

## DEMAND FOR TRIAL BY JURY

Plaintiffs hereby demands a trial by jury on all issues herein that are so triable.

Respectfully submitted this 8th day of April, 2022.

/s/ *Kevin C. Kostelnik*
**Kevin C. Kostelnik**
Florida Bar No.: 0118769
**Tiffany R. Cruz**
Florida Bar No.: 090986

**CRUZ LAW FIRM, P.A.**
411 N. Calhoun Street
Tallahassee, FL 32301
Telephone: (850) 701-8838
Kevin@tiffanycruzlaw.com
Tiffany@tiffanycruzlaw.com
meredith@tiffanycruzlaw.com

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 8, 2022, I filed the foregoing via the Court's CM/ECF system, which will send electronic notification to all counsel of record.

/s/ *Kevin C. Kostelnik*
Kevin C. Kostelnik