IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**BRANDY VAN GAASBEEK and**
**MICHAEL VAN GAASBEEK,**

 **Plaintiffs,**

v.              Case No. 4:22-cv-38-AW-MAF

**BRACE INTEGRATED SERVICES,**
**INC., and FOLEY CELLULOSE LLC,**

 **Defendants.**

_____/

## FINAL ORDER

  This is an employment case. Plaintiffs Brandy and Michael Van Gaasbeek sued their former employer, Brace Integrated Services, Inc., along with Foley Cellulose, LLC—the company that owned the mill where they worked. They sued through counsel, but the court later allowed counsel to withdraw, and Plaintiffs proceeded pro se.

  Both Defendants moved for summary judgment. Although the magistrate judge provided notice of Plaintiffs' obligation to respond, ECF No. 50, neither Plaintiff responded.

  The magistrate judge issued two reports and recommendation. In the first, the magistrate judge recommends granting summary judgment in Foley's favor. ECF No. 51. In the other, the magistrate judge recommends granting summary judgment in Brace's favor as to Counts III and IV but denying as to Count I. ECF No. 52.

1

Brace objected to the latter conclusion, ECF No. 53, and I have considered de novo the issues raised in that objection. No other party objected to either report and recommendation.

I conclude that both Defendants are entitled to summary judgment on all claims.

**I.**

First, as to Foley, I agree with the magistrate judge that Plaintiffs have not made out a prima facie case of sex discrimination. I further agree that, assuming they had, Foley proffered a legitimate reason for its actions, and Plaintiffs have not shown pretext. And like the magistrate judge, I find it unnecessary to address Foley's alternative argument that it was not Plaintiffs' employer or joint employer.

The magistrate judge concluded there is evidence showing Foley took adverse action against Brandy.[1] Because I do not decide the question of whether Foley was the employer, I likewise do not conclude that the summary judgment record shows Foley took adverse employment action against Brandy. I similarly do not reach the issue of whether Brandy was qualified. ECF No. 51 at 17. But this makes no difference because, either way, there is no showing of a prima facie case. I agree

---

[1] Because Plaintiffs share a last name, this order refers to them individually by their first names.

2

with the magistrate judge that there is no showing of a comparator who was treated more favorably.

In short, I agree with the magistrate judge that Foley is entitled to summary judgment.

## II.

The magistrate judge recommends granting Brace's motion for summary judgment in part. As to Brandy's sex discrimination claim (Count I), the magistrate judge concludes Plaintiffs made out a prima facie case that Brace did not rebut. ECF No. 52 at 20. Brace objects to this conclusion.

As a preliminary matter, Plaintiffs did not respond to the motions at all (as noted above). After a movant makes its initial showing, the burden of production moves to the other party. *Cable/Home Commc'n Corp. v. Network Prods., Inc.*, 902 F.2d 829, 841 (11th Cir. 1990). The nonmoving party must "go beyond the pleadings" and, using evidence such as affidavits, depositions, answers to interrogatories, or admissions, "designate specific facts showing a genuine issue for trial." *Id.* (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)). Plaintiffs designated no such facts, and to the extent such facts might be within the documents Defendants submitted, the court "need not[] consider record evidence that has not been properly cited." N.D. Fla. Loc. R. 56.1(F); *see also Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478-79 (6th Cir. 1989) ("The trial court no longer has the duty

3

to search the entire record to establish that it is bereft of a genuine issue of material fact."); *Frito-Lay, Inc. v. Willoughby*, 863 F.2d 1029, 1035 (D.C. Cir. 1988) (finding a party's "failure to designate and reference triable facts" was fatal to the party's opposition to a motion for summary judgment); *Nissho-Iwai Am. Corp. v. Kline*, 845 F.2d 1300, 1307 (5th Cir. 1988) (rejecting idea that "the entire record in the case must be searched and found bereft of a genuine issue of material fact before summary judgment may be properly entered").

In addition, Brace objects to the magistrate judge's relying on documents Plaintiffs submitted months before it filed its summary judgment motion—documents the magistrate judge said the court would not act on. ECF No. 53 at 5-6. In December 2022, Brandy mailed the court a "to whom it may concern" letter with numerous attachments. ECF No. 44. The magistrate judge issued an order reminding Plaintiffs that the court's local rules forbid letters seeking relief. ECF No. 45. The order also noted that there was nothing suggesting Plaintiffs served the documents on Defendants. The court sealed the documents and stated that "[n]o action will be taken on the 473 pages of materials submitted." ECF No. 45 at 2. As Brace notes, though, the magistrate judge cited to these materials in recommending the court deny in part Brace's summary judgment motion. ECF No. 53 at 5-6. Brace's objection on

this point is well taken. Ultimately, though, with or without the records, Plaintiffs cannot survive summary judgment.[2]

The report and recommendation concludes that Plaintiffs established a prima facie case but either that Brace did not proffer a nondiscriminatory reason or that Plaintiffs showed pretext:

> While Brace's proffered reason for demoting and terminating Brandy appears to be gender-neutral on its face (gate lock from the Mill), the reason was not applied equally to Johnson and Brandy. And, apart from Brandy's gate lock, Brace fails to point to any other evidence that would explain its decision to re-deploy Johnson full-time over Brandy. Thus, Brace has not established that there is no genuine issue of material fact as to whether it had a legitimate, non-discriminatory reason for Brandy's demotion and termination. Accordingly, Brace is not entitled to summary judgment on Count I.

ECF No. 52 at 21. I conclude otherwise. Assuming Plaintiffs showed a prima facie case (again, they filed no response), Brace met its "exceedingly light" burden of producing evidence of a legitimate, nondiscriminatory rational for Brandy's termination. *See Smith v. Horner*, 839 F.2d 1530, 1537 (11th Cir. 1988). It explained that Brandy was terminated because she was unable to return to the Mill after her failure to report a safety violation, and thus could no longer perform the work Brace required. ECF No. 49 ¶¶ 9-12, 23-26. Brace also contends that Brandy's post-termination behavior—including refusing to return company property and telling the

---

[2] It is not clear why the submission was sealed in its entirety. Some records were tax filings with social security numbers; some were health records. But I have determined that most records should not be sealed.

regional manager to never contact her again—disqualified her from being rehired. *Id.* ¶¶ 30-34. These are certainly reasons "that might motivate a reasonable employer." *Chapman v. AI Transp.*, 229 F.3d 1012, 1031 (11th Cir. 2000). That would leave Plaintiffs with the burden of showing pretext—a burden they did not meet.

Plaintiffs' failure went beyond not responding. Even if I drew from the record an inference that the "gate lock" was not the real reason, a showing of pretext requires an additional showing that the real reason was sex discrimination. *Brooks v. Cnty. Comm'n of Jefferson Cnty.*, 446 F.3d 1160, 1163 (11th Cir. 2006) ("A reason is not pretext for discrimination 'unless it is shown both that the reason was false, and that discrimination was the real reason.'" (emphasis omitted) (quoting *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 515 (1993)). And Plaintiffs have certainly not made that showing. Brace is entitled to summary judgment as to Count I.

I agree with the magistrate judge that Brace is entitled to summary judgment as to Count III—Michael's FCRA retaliation claim. Assuming there was a prima facie case, Brace proffered a nonretaliatory reason for its action, and Plaintiffs have not shown pretext. I also agree with the magistrate judge that Brace is entitled to summary judgment as to Count IV—the FMLA claim. I adopt the magistrate judge's reasoning as to this claim.

## CONCLUSION

The summary judgment motions (ECF Nos. 48 and 49) are GRANTED. The reports and recommendations (ECF Nos. 51 and 52) are adopted in part, as set out above. The objections (ECF No. 53) are sustained. The clerk will enter judgment that says, "This case was resolved at summary judgment. Plaintiffs' claims are dismissed on the merits, and Plaintiffs shall take nothing." The clerk will unseal ECF No. 44 with the exception of ECF Nos. 44-3, 44-7, 44-10, 44-12, 44-15, 44-16, 44-17, 44-18, 44-19, 44-20, 44-21, and 44-23.

The clerk will then close the file.

SO ORDERED on September 19, 2023.

s/ <i>Allen Winsor</i><br>United States District Judge